IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ESTIFANOS KUMSSA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:20-cv-00784 |
| DAVIDSON COUNTY SHERIFF'S | ) Judge Trauger |
| OFFICE and MCINTYRE LEVI, *Officer*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Estifanos Kumssa, a pre-trial detainee in the custody of the Davidson County Sheriff's Office in Nashville, Tennessee, has filed a pro se, in forma pauperis complaint under 42 U.S.C. § 1983 against the Davidson County Sheriff's Office and Officer Mcintyre Levi,[1] alleging violations of Plaintiff's civil rights. (Doc. No. 1).

The complaint is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

### I. PLRA SCREENING STANDARD

Under 28 U.S.C. § 1915(e)(2)(B), a court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id*. § 1915A(a), and

---

[1] It seems likely that the officer's name is Levi McIntyre, but herein the court refers to the defendant as he is named in the complaint.

1

summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b).

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

A court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

2

## II.  SECTION 1983 STANDARD

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ."  To state a claim under Section 1983, a plaintiff must allege and show two elements:  (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.,* 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

## III.  ALLEGED FACTS

The complaint alleges that, on November 18, 2019, around 2:30 a.m., the plaintiff was watching television in his pod from his cell. Officer Levi entered the pod and changed the television channel. This action generated protests from the plaintiff and other inmates and eventually led to the plaintiff and Officer Levi engaging in a verbal altercation. Fifteen minutes later, Officer Levi stopped by the door of the plaintiff's cell, opened it, and told the plaintiff he would beat him up. According to the complaint, the plaintiff feared for his life and swung at Officer Levi. The two "got into a fist fight" during which Officer Levi put the plaintiff in a head lock, "stopping [the plaintiff] from breathing." (Doc. No. 1 at 6). Officer Levi then placed the plaintiff on the ground on his stomach and, even though the plaintiff was not resisting, twisted the plaintiff's ankle.

The plaintiff suffered an ankle injury as a result of this incident and "had to apply ice to [his ankle] for weeks." (*Id*.)  Although he still experiences pain in his ankle, he has not been sent to the hospital for treatment or for x-rays. Other officers are now more aggressive with the plaintiff, and one told him "to never ask them for shit even if [he] was dying," and another officer told the

3

plaintiff, "I can't wait for you to do some[thing] so I can put my hands on you." (*Id*.) The plaintiff continues to fear for his safety.

## IV. ANALYSIS

The complaint names as defendants to this action the Davidson County Sheriff's Office and Officer Mcintyre Levi in his official capacity only. (Doc. No. 1 at 2).

With regard to the Davidson County Sheriff's Office, a police or sheriff's department is not a "person" who can be sued under 42 U.S.C. § 1983. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *see also Mathes v. Metro. Gov't of Nashville & Davidson Cnty.*, No. 3:10-cv-0496, 2010 WL 3341889, at **2-3 (M.D. Tenn. Aug. 25, 2010) (noting that "since *Matthews*, federal district courts in Tennessee have frequently and uniformly held that police departments and sheriff's departments are not proper parties to a § 1983 suit" under Tennessee law, and therefore granting the motion to dismiss the Section 1983 claim against the Davidson County Sheriff's Office). Consequently, the plaintiff's Section 1983 claims against the Davidson County Sheriff's Office must be dismissed for failure to state a claim upon which relief may be granted. Those claims will be dismissed.

With regard to Officer Levi in his official capacity, it is well-settled that an official capacity claim is equivalent to a claim against a defendant's employer. *See Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (holding that "individuals sued in their official capacities stand in the shoes of the entity they represent"); *Gennoe v. Washburn*, No. 3:19-cv-00478, 2019 WL 5693929, at *5 (M.D. Tenn. Nov. 4, 2019) (citing *Galloway v. Swanson*, No. 5:09CV02834, 2012 WL 646074, at *8 (N.D. Ohio Feb. 28, 2012) ("An official capacity claim against an employee of a private corporation is viewed as a claim against the corporate entity itself."), *aff'd sub nom. Galloway v.*

4

*Anuszkiewicz*, 518 F. App'x 330 (6th Cir. 2013)). The complaint alleges that Officer Levi is an employee of the Davidson County Sheriff's Office.

While a county is a suable entity, it is responsible under Section 1983 only for its "own illegal acts. [It is] not vicariously liable under § 1983 for [its] employees' actions." *Connick v. Thompson*, 563 U.S. 51 (2011) (internal citations and quotation marks omitted). Under Section 1983, a county can only be held liable if the plaintiff demonstrates that the alleged federal violation was a direct result of the county's official policy or custom. *Burgess v. Fisher*, 735 F.3d 462, 478 (6th Cir. 2013) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 693 (1978)); *Regets v. City of Plymouth*, 568 F. App'x 380, 394-95 (6th Cir. 2014) (quoting *Slusher v. Carson*, 540 F.3d 449, 456-57 (6th Cir. 2008)). A plaintiff can make a showing of an illegal policy or custom by demonstrating one of the following: (1) the existence of an illegal official policy or legislative enactment; (2) an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom or tolerance or acquiescence of federal rights violations. *Burgess*, 735 F.3d at 478.

Here, however, the complaint does not allege that a policy or custom of Davidson County is responsible for the alleged violations of the plaintiff's civil or constitutional rights, nor can such allegation be construed from a liberal interpretation of the complaint. Consequently, the claims against Officer Levi in his official capacity, construed as claims against Davidson County, Tennessee, will be dismissed for failure to state Section 1983 claims upon which relief can be granted.

Finally, the court notes that the complaint alleges that Officer Levi used excessive force against the plaintiff, who is a pre-trial detainee, and that the plaintiff has not received adequate

5

medical care for his injuries. These allegations could be viewed as rising to the level of constitutional violations actionable under Section 1983. However, the plaintiff has not sued Officer Levi in his individual capacity, nor has he sued the individual(s) or entity(ies) responsible for his allegedly inadequate medical treatment.

## V. CONCLUSION

Having conducted the review required by the PLRA, the court determines that the complaint fails to state claims upon which relief can be granted under Section 1983 as to both defendants. Therefore, this action is subject to dismissal.

However, taking into consideration the plaintiff's pro se status and the allegations of the complaint, the plaintiff will be permitted to amend his complaint, if he so desires, to name additional defendants with regard to his allegations of excessive force and deliberate indifference to serious medical needs. The plaintiff has 30 days to submit an amended complaint. If he fails to do so, this action will be dismissed.

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge